# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2465

_____

Robyn G. Edwards; Mikki Adams

*Plaintiffs - Appellants*

v.

Gene Salter Properties, Inc.; Salter Construction Inc.; Brittany Pringle, Employee

*Defendants - Appellees*

_____

No. 19-2593

_____

Robyn G. Edwards; Mikki Adams

*Plaintiffs - Appellees*

v.

Gene Salter Properties, Inc.

*Defendant - Appellant*

Salter Construction Inc.; Brittany Pringle, Employee

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.
_____

PER CURIAM.

Robyn Edwards and Mikki Adams appeal the district court's[1] damages award following a bench trial in their discrimination action against Gene Salter Properties (GSP) arising under the Fair Housing Act (FHA), 42 U.S.C. § 3604(f) (it is unlawful to discriminate in rental of dwelling because of renter's handicap; discrimination includes refusal to make reasonable accommodations in policies to afford equal opportunity to use and enjoy dwelling).[2] Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court concludes there is no merit to appellants' arguments that greater damages are warranted because the course of litigation was distressing, or because GSP did not pay their costs. *See Knussman v. Maryland*, 272 F.3d 625, 642 (4th Cir. 2001) (litigation-induced distress is not compensable element of damages); *Taxpayers for the Animas-La Plata Referendum v. Animas-La Plata Water Conservancy Dist.*, 739 F.2d 1472, 1480 (10th Cir. 1984) (legal costs generally are

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

[2]Pringle and Salter Construction Inc. are nominal appellees, as this court previously upheld the grant of summary judgment in their favor. *See Edwards v. Gene Salter Props.*, 739 Fed. Appx. 357, 359 (8th Cir. 2018) (unpublished per curiam); *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 771 n.1 (8th Cir. 1995) (treating party that had not participated in appeal and had no stake in outcome as nominal appellee).

not considered damages, as they are not consequence of tort sued upon). Upon review of the trial transcript, this court finds no abuse of discretion in the district court's denial of punitive damages. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535-37 (1999) (punitive damages are appropriate in civil rights action when defendant's conduct is motivated by evil intent, or involves reckless or callous indifference to federally protected rights of others; those who believe discriminatory action is lawful, such as when underlying theory of discrimination is novel, are not liable for punitive damages); *EEOC v. Flambeau, Inc.*, 846 F.3d 941, 947 (7th Cir. 2017) (in finding punitive damages were unavailable because plaintiff's theory of discrimination was novel at relevant time, court noted that cases raising similar question could be "counted on one hand"); *cf. United States v. Space Hunters, Inc.*, 429 F.3d 416, 428 (2d Cir. 2005) (consideration of punitive damages was appropriate where defendant's "evil motive" could be inferred from threats to disabled tenant, and defendant had history of FHA violations such that punitive damages could deter resumption of previous practices).

As for GSP's cross-appeal, this court affirms the district court's finding of liability, as the law-of-the-case doctrine precludes GSP's argument that it did not need to accommodate Edwards and Adams because they could have obtained a co-signer to rent an apartment. *See Edwards*, 739 Fed. Appx. at 358 (allowing co-signer was not substitute for accommodating plaintiffs, because this option placed additional burden on disabled applicant rather than leveling playing field); *Yankton Sioux Tribe v. Podhradsky*, 606 F.3d 994, 1004 (8th Cir. 2010) (under law-of-the-case doctrine, when court decides upon rule of law, that decision continues to govern same issues in subsequent stages of same case).

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____